UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
------------------------------------------------------------- x
PRODUCTION SERVICE & SALES DISTRICT  :
COUNCIL PENSION FUND and ITS TRUSTEE, :
                                      :  Civil Action No.
                    Plaintiffs,       :  2:19-cv-14844 (SDW)(LDW)
                                      :
            vs.                       :
                                      :
DAYSOL, INC. d/b/a DISPLAY PRO        :
MANUFACTURING and JOHN DOE            :
COMPANIES 1-99,                       :
                                      :
                    Defendants.       :
------------------------------------------------------------- x

## DEFAULT JUDGMENT ORDER

**WIGENTON, UNITED STATES DISTRICT JUDGE**

THIS MATTER comes before the Court on plaintiffs Production Services & Sales District Council Pension Fund and its Trustee ("plaintiffs") motion for judgment by default against defendant Daysol, Inc. d/b/a Display Pro Manufacturing ("Daysol"). Plaintiffs hereby move the Court pursuant to Federal Rule of Civil Procedure 55(b)(2) to enter default judgment in favor of plaintiffs on the grounds that defendant has failed to answer or otherwise defend the complaint. The time for filing an answer has not been extended and the time for filing an answer has expired;

WHEREAS, plaintiffs' submissions for this motion consist of a Notice of Motion for a Default Judgment, a Motion for Default Judgment, a proposed Default Judgment Order, a Declaration of Scott Shaffer, a Declaration of Michael S. Adler, a Statement of Amounts Due, and a Memorandum in Support for Motion for Default Judgment, that conclusively explains services and damages, in support for Motion for Default.

WHEREAS, Fed. R. Civ. P. 55(b)(2) "authorizes courts to enter a default judgement against a properly served defendant who fails to plead or otherwise defend an action.

01141598.1

*Anchorage Assoc. v. Virgin Is. Bd. Of Tax Rev.*, 922 F.2d 168, 177 n.9 (3d Cir. 1990). Here, defendant was properly served, as evidenced by the Clerk's Entry of Default upon motion by the Plan, which included evidence of proof of service.

WHEREAS, when the Court is considering whether to grant a default motion, the Court must first look to whether it has subject matter and personal jurisdiction. Before a district court can enter "default judgment, the court 'has an affirmative duty to look into its jurisdiction both over the subject matter and the parties.'" *Prudential Ins. Co. of Am. v. Bramlett*, No. 08-119, 2009 WL 2634644, at *3 (D.N.J. Aug. 24, 2009) (*quoting Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1203 (10th Cir. 1986)).

WHEREAS, the Court has subject matter jurisdiction.

WHEREAS, the Court also has personal jurisdiction.

WHEREAS, Daysol is not an infant, incompetent, or in the military service of the United States.

WHEREAS, Daysol has not answered or defended the complaint.

WHEREAS, the time for filing an answer was not extended.

WHEREAS, the time for filing an answer has expired.

WHEREAS, defendant's complaint is well pled and includes sufficient facts to support the Court's granting for default judgment.

IT IS, on this 13th day of November, 2019,

**ORDERED** that plaintiffs' motion for default judgment against Daysol is **GRANTED**; and it is further

**ORDERED** that judgment against Daysol and in favor of the plaintiffs be entered in the sum of $~~201,438.17~~ *174,603.18*, consisting of:

(a) $158,332.00 in withdrawal liability principal;

(b) $4,831.41 in interest, calculated through October 31, 2019, with interest continuing to accrue from November 1, 2019 at the daily rate of $23.09;

(c) ~~$31,666.40 in liquidated~~ *4,831.4 in additional interest* damages; and

(d) $ 6,608.36 in reasonable attorney's fees and costs.

**FINALLY, IT IS ORDERED** that the complaint against defendants John Doe Companies 1-99 is **DISMISSED WITHOUT PREJUDICE.**

Dated:

Nov. 13, 2019

HON. SUSAN D. WIGENTON
United States District Judge